**Jacob Johnstun, OSB No. 162146**, jjohnstun@johnstuninjurylaw.com
JOHNSTUN INJURY LAW LLC
1935 St. Helens Street, Suite A
St. Helens, Oregon 97051
Telephone: (503) 410-3572
Facsimile: (503) 389-1548

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **JERRY KAGELER and JOEL WARNER,**<br><br>     **PLAINTIFFS**,<br><br> v.<br><br>**SCOTT WALTER KOLLER**,<br>**TACTICAL MANUFACTURING, INC.,**<br><br>and<br><br>**NORTHROP GRUMMAN INNOVATION SYSTEMS LLC, NORTHROP GRUMMAN INNOVATION SYSTEMS, INC., NORTHROP GRUMMAN INNOVATIVE SOLUTIONS CORPORATION, NORTHROP GRUMMAN CORPORATION,** d/b/a **LAKE CITY ARMY AMMUNITIONS PLANT,**<br><br>     **DEFENDANTS**. | Case No.  3:21-cv-851<br><br>**COMPLAINT**<br><br>JURY TRIAL REQUESTED |

Page 1 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

Plaintiffs allege as follows:

## INTRODUCTORY STATEMENT

1.

This action arises from plaintiffs' employment at Tactical Manufacturing, Inc., where they received life-altering injuries when 50-caliber ammunition shells exploded next to their faces, necks, and upper torsos. Plaintiffs were members of an assembly line responsible for re-sizing decommissioned, empty brass shells by placing them inside a press, in order to prep them to be filled with incendiary material later and be made once again fire ready. Plaintiffs' employer Tactical Manufacturing, Inc. received the decommissioned shells from Lake City Army Ammunitions Plant, which was operated by the Northrop defendants at the time. According to its contract, Lake City Army Ammunitions Plant was supposed to have emptied all potentially explosive material from the shell casings prior to shipment. Yet, explosive material remained in at least some of the shells, and exploded when Mr. Warner began to resize one of them in a press, causing him severe injuries. Minutes later, Mr. Koller ordered the assembly line to continue to resize shells from the same shipment that had just caused Mr. Warner injuries, albeit at a reduced speed. Thirty to sixty minutes later, another shell exploded when Mr. Kageler placed it in a press for resizing, causing him extreme injuries similar to those suffered by Mr. Warner.

## PARTIES

2.

Plaintiffs are citizens of the United States and residents of Oregon over the age of 18 years. Both plaintiffs (Mr. Warner and Mr. Kageler) reside in St. Helens, Columbia County, Oregon.

Page 2 - COMPLAINT

Johnstun Injury Law LLC

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

3.

Defendant Tactical Manufacturing, Inc. (TMI) is a corporation organized under the laws of the State of Oregon, with its principal place of business at 57319 Hazen Road, Warren, Oregon 97053.

4.

Upon information and belief, Defendant Scott Walter Koller (Mr. Koller) is the founder, owner, and operator of TMI.

5.

Upon information and belief, Defendants Northrop Grumman Innovation Systems LLC, Northrop Grumman Innovation Systems, Inc., and Northrop Grumman Innovative Solutions Corporation are subsidiaries of Northrop Grumman Corporation (collectively "Northrop") that operated and did business at the Lake City Army Ammunition Plant located at 25201 East 78 Highway, Independence, Jackson County, Missouri at all material times. All Northrop defendants are Virginia corporations with their principal place of business in Virginia, except for Northrop Grumman Innovative Solutions Corporation (a/k/a BlueVector, Inc.) that has its principal place of business in Pennsylvania.

## JURISDICTION AND VENUE

6.

This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because plaintiffs, Mr. Koller, and TMI are citizens/incorporated in Oregon, while Northrop is not incorporated in Oregon, nor has its principal place of business there, and the controversy exceeds the value of $75,000.00.

Page 3 - COMPLAINT

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

7.

This Court has general personal jurisdiction over Mr. Koller and TMI because Oregon is where Mr. Koller resides, and where TMI is incorporated and does its principal business.

8.

This Court has specific personal jurisdiction over Northrop because Northrop shipped an unreasonably dangerous product to Oregon that exploded and caused plaintiffs' injuries, and Northrop continuously and systematically shipped its products to Oregon at all material times.

9.

Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2) because at least one defendant resides in this district, and it is where plaintiffs were injured.

## **FACTS**

10.

On July 17, 2019, plaintiffs were employees at TMI. Plaintiffs' jobs included assisting in re-sizing and re-manufacturing old and/or expired ammunition shells.

11.

The shells that plaintiffs were assigned to re-size that day were 50 caliber shells, and had been shipped to TMI pursuant to a contract with Northrop.

12.

The contract between TMI and Northrop provided that Northrop would empty all explosive material from the shells prior to shipment, and that TMI would be responsible for re-manufacturing primed and ready rounds out of the shells it had received.

Page 4 - COMPLAINT

Johnstun Injury Law LLC

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

13.

Plaintiffs' assigned tasks at this time were to place 50 caliber shells into their assigned press for re-sizing on an assembly line.

14.

Neither plaintiffs nor their fellow employees were wearing adequate protective material, because adequate protective material was not provided, encouraged, nor required.

15.

As Mr. Warner was working, a loud explosion large enough to cause shock waves occurred directly in front of his face, neck, and chest when he began to resize one of the 50 caliber shells.

16.

Thousands of bits of powder and shrapnel tore through Mr. Warner's shirt and skin, blew off his safety goggles, and the concussive blast caused him significant injury to his brain and ears.

17.

Mr. Koller and TMI management temporarily stopped the assembly line to investigate the explosion.  Mr. Koller told Mr. Warner to go home and take a shower.

18.

Minutes after the explosion, Mr. Koller instructed his other employees to continue resizing the same shipment of shells that had contained the explosion-causing shell, but to do so at a slower pace.

Page 5 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

19.

Approximately thirty to sixty minutes later, another shell exploded when Mr. Kageler began to resize it within a press.

20.

Thousands of bits of powder and shrapnel tore through Mr. Kageler's shirt and skin, and the concussive blast caused him significant injury to his brain and ears.

21.

Plaintiffs' related injuries include concussion, traumatic brain injury, bilateral hearing loss and eardrum pain, tinnitus, dizziness, speech slurring, headaches, facial pain, and scarring. In addition, plaintiffs have suffered pain and disfigurement to the face, neck, chest, and arms as a direct and proximate result of the explosions at TMI.

## FIRST CLAIM
(Negligence – Against TMI and Mr. Koller)

22.

Plaintiffs reallege and incorporate paragraphs 1-21.

23.

Plaintiffs' injuries were caused by the negligence of Defendants TMI and Mr. Koller in one or more of the following particulars:

a) Failing to provide adequate safety equipment and materials that would have protected plaintiffs from the explosion and/or decreased their potential exposure to explosions, including but not limited to face shields, explosion resistant shields/guards, neck and chest coverings, earplugs, and earmuffs;

b) Failing to inspect the ammunition shells for potential explosive material before requiring plaintiffs to resize them;

Page 6 - COMPLAINT

c) Directing employees to fill an unreasonably high quota that made it impossible for employees to simultaneously meet the quota and check each shell for incendiary material before resizing;

d) Ammunition shells to be resized on an assembly line do not explode absent negligence (res ipsa loquitur); and

e) Directing the assembly line to continue resizing the ammunition shells from the same shipment even after one shell already exploded.

24.

TMI and Mr. Koller's negligence proximately caused plaintiffs' injuries because it was foreseeable that re-sizing and re-manufacturing ammunition shells that had once been fire-ready could still contain explosive material. By failing to provide adequate safety equipment and material, failing to inspect ammunition shells for potential explosive material, demanding an unreasonably high quota, and directing Mr. Kageler and the assembly line to continue working after one explosion, TMI and Mr. Koller created unreasonable risks of serious bodily injury or death to plaintiffs and their fellow workers.

25.

Plaintiffs' injuries have caused them to incur significant medical charges, and they will continue to incur more in the future. Plaintiffs requests a sum for these medical related economic charges not to exceed the amount of $500,000.00 each.

26.

Since the date of the explosion, plaintiffs have been unable to engage in meaningful employment because of their explosion-caused injuries. Plaintiffs requests a sum for their lost wages in an amount not to exceed $2,000,000.00 each.

Page 7 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

27.

As a proximate result of TMI and Mr. Koller's negligence, plaintiffs have experienced pain, interruption in their ability to perform daily activities, interruption in their ability to enjoy recreational activities and to enjoy life, permanent impairment and disfigurement, and anxiety and worry over their conditions. Plaintiffs requests a sum for their non-economic damages in an amount a jury deems to be fair, but not to exceed the sum of $3,000,000.00 each.

28.

Due to TMI and Mr. Koller's reckless disregard for plaintiffs' safety and wellbeing, plaintiffs each request punitive damages in an amount a jury deems to be fair and reasonable.

## SECOND CLAIM
### (Oregon Employer Liability Law – Against TMI and Mr. Koller)

29.

Plaintiffs reallege and incorporate paragraphs 1-21.

30.

Plaintiffs' injuries were caused by Defendants TMI and Mr. Koller in failing to provide a safe work environment, one or more of the following particulars:

a) Failing to provide adequate safety equipment and materials that would have protected plaintiffs from the explosion and/or decreased their potential exposure to explosions, including but not limited to face shields, explosion resistant shields/guards, neck and chest coverings, earplugs, and earmuffs;

b) Failing to inspect the ammunition shells for potential explosive material before requiring plaintiffs to resize them;

Page 8 - COMPLAINT

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

c) Directing employees to fill an unreasonably high quota that made it impossible for employees to simultaneously meet the quota and check each shell for incendiary material before resizing; and

d) Directing the assembly line to continue resizing the ammunition shells from the same shipment even after one shell already exploded.

31.

TMI and Mr. Koller's negligence proximately caused plaintiffs' injuries because it was foreseeable that re-sizing and re-manufacturing ammunition shells that had once been fire-ready could still contain explosive material.  By failing to provide adequate safety equipment and material, failing to inspect ammunition shells for potential explosive material, demanding an unreasonably high quota, and directing Mr. Kageler and the assembly line to continue working after one explosion, TMI and Mr. Koller created unreasonable risks of serious bodily injury or death to plaintiffs and their fellow workers.

32.

Plaintiffs' injuries have caused them to incur significant medical charges, and they will continue to incur more in the future.  Plaintiffs requests a sum for these medical related economic charges not to exceed the amount of $500,000.00 each.

33.

Since the date of the explosion, plaintiffs have been unable to engage in meaningful employment because of their explosion-caused injuries.  Plaintiffs requests a sum for their lost wages in an amount not to exceed $2,000,000.00 each.

Page 9 - COMPLAINT

Johnstun Injury Law LLC
Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548

34.

As a proximate result of TMI and Mr. Koller's negligence, plaintiffs have experienced pain, interruption in their ability to perform daily activities, interruption in their ability to enjoy recreational activities and to enjoy life, permanent impairment and disfigurement, and anxiety and worry over their conditions.  Plaintiffs requests a sum for their non-economic damages in an amount a jury deems to be fair, but not to exceed the sum of $3,000,000.00 each.

35.

Due to TMI and Mr. Koller's reckless disregard for plaintiffs' safety and wellbeing, plaintiffs each request punitive damages in an amount a jury deems to be fair and reasonable.

### THIRD CLAIM
**(Negligence – Against Northrop)**

36.

Plaintiffs reallege and incorporate paragraphs 1-21.

37.

Plaintiff's injuries were caused by the negligence of Northrop in one or more of the following particulars:

a) Failing to inspect the ammunition shells for potential explosive material before shipping them to TMI for re-manufacturing;

b) Failing to create and integrate adequate procedures and safeguards that would ensure all explosive material was removed from the ammunition shells prior to shipment to TMI;

c) Failing to remove all explosive material from the ammunition shells prior to shipment to TMI;

d) Failing to warn TMI and Mr. Koller of the possibility of leftover explosive material in some of the shells; and

Page 10 - COMPLAINT

Johnstun Injury Law LLC

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548

e) Ammunition shells to be resized on an assembly line do not explode absent negligence (res ipsa loquitur).

38.

Northrop's negligence proximately caused plaintiffs' injuries because it was foreseeable that by failing to perform its contractually obligatory duty of removing all explosive material from the ammunition shells prior to shipment, there was an unreasonable risk that some of TMI and Mr. Koller's employees could be seriously injured or killed.

39.

Plaintiffs' injuries have caused them to incur significant medical charges, and they will continue to incur more in the future.  Plaintiffs requests a sum for these medical related economic charges not to exceed the amount of $500,000.00 each.

40.

Since the date of the explosion, plaintiffs have been unable to engage in meaningful employment because of their explosion-caused injuries.  Plaintiffs requests a sum for their lost wages in an amount not to exceed $2,000,000.00 each.

41.

As a proximate result of Northrop's negligence, plaintiffs have experienced pain, interruption in their ability to perform daily activities, interruption in their ability to enjoy recreational activities and to enjoy life, permanent impairment and disfigurement, and anxiety and worry over their conditions.  Plaintiffs requests a sum for their non-economic damages in an amount a jury deems to be fair, but not to exceed the sum of $3,000,000.00 each.

**Johnstun Injury Law LLC**

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph:  503.410.3572
Fax: 503.389.1548

42.

Due to Northrop's reckless disregard for plaintiffs' safety and wellbeing, and its failure to implement appropriate changes in policy even after many such life threatening explosions to its own employees and others, plaintiffs each request punitive damages in an amount a jury deems to be fair and reasonable.

Plaintiffs hereby demand a jury trial in this action.

WHEREFORE, Plaintiffs prays for relief as follows:

a) For economic damages in a sum not to exceed $2,500,000.00 for each plaintiff separately;

b) For non-economic damages in a sum not to exceed $3,000,000.00 for each plaintiff separately;

c) For punitive damages against defendants in a sum according to proof for each plaintiff separately;

d) For the costs of suit herein incurred; and

e) For any other such relief the Court deems just and proper.

DATED this 4th day of June, 2021.

By *s/ Jacob Johnstun*
Jacob Johnstun, OSB #162146
Email: johnstun.injury.law@outlook.com
Telephone: 503-410-3572
Facsimile: 503-389-1548

Page 12 - COMPLAINT

Johnstun Injury Law LLC

Johnstun Injury Law LLC
1935 St. Helens Street, Suite A
St. Helens, OR 97051
Ph: 503.410.3572
Fax: 503.389.1548